OPINION
{¶ 1} Appellant Mark McClain was convicted of two counts of non-support of his dependents on March 28, 2007. The court sentenced him to five years under a community control sanction. On November 14, 2007, the trial court determined that McClain had violated the terms of the community control sanction and sentenced him to *Page 2 
serve two consecutive eleven-month sentences.
 {¶ 2} In his sole assignment, McClain contends the trial court erred in imposing the sentences upon him because the court did not properly review the seriousness and recidivism factors in R.C. 2929.11 and R.C. 2929.12.
 {¶ 3} Appellant contends the trial court's harsh and public dressing down of him in court as a "whiner" demonstrates the trial court abused its discretion in imposing the lengthy sentence upon him. He also contends the sentence imposed upon him is not reasonably calculated to protect the public.
 {¶ 4} The State argues that the trial court is not required to provide its reasons for imposing a particular sentence. The State agrees that the trial court must consider the sentencing factors found in R.C. 2929.11 and 2929.12 but there is nothing in the record to suggest the court did not do so. The State argues that McClain's sentence is within the statutory range and the trial court has considerable discretion to impose a sentence within that range. The State argues that it was McClain's own failure to seek employment to pay restitution on the non-support convictions that led the court to sentence him.
 {¶ 5} At the sentencing hearing, the trial court noted the reason the court revoked McClain's community control sanction was that he failed to report to the job-seeking skills workshop. McClain stated he missed appointments at the workshop because his bus pass, provided through the program, arrived late on two occasions. After the court imposed the sentence, the court noted that other non-support defendants were in the courtroom who admitted their violations and accepted their sentence. The court noted that only McClain "whined" about his sentence. (Tr. 5 Sentencing Hearing.) *Page 3 
 {¶ 6} We have reviewed the pre-sentence report ordered by the court prior to placing McClain on community control. McClain is 41 years of age. He has no significant criminal record except for the two felony non-support charges. In 1990, in two separate paternity actions, McClain was determined to be the father of two children and ordered to pay child support. Over the years prior to the instant charges, McClain had sporadic employment consisting of odd jobs. He is in good physical condition with no evidence of alcohol or chemical dependency. Based on the pre-sentence report, the trial court considered him a good candidate for community control sanctions.
 {¶ 7} R.C. 2929.11(A) provides that a trial court must be guided by the principles of felony sentencing: protection of the public and punishment of the offender. "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Further, R.C. 2929.12(A) provides, unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11
of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct and the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. *Page 4 
 {¶ 8} R.C. 2929.14(B) provides that a first term of imprisonment, ordinarily, should be the shortest term for the offense unless the court finds that such a term would either demean the seriousness of the offender's conduct or would fail to adequately protect the public from future crime. In this matter, the trial court did not state it had considered the seriousness and recidivism factors.
 {¶ 9} R.C. 2929.14(E)(4) provides as follows:
 {¶ 10} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public and if the court also finds any of the following:
 {¶ 11} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 12} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 13} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the *Page 5 
offender."
 {¶ 14} This was the defendant's first term of imprisonment and his history of criminal conduct does not demonstrate that consecutive sentences are necessary to protect the public from future crime by him. He did not commit the offenses while waiting trial or on post-release control. There is no indication that one prison term wouldn't adequately reflect the seriousness of the defendant's conduct. The trial court wanted to send a message to McClain for his lack of attention to looking for employment. The court got his attention by revoking his probation and sentencing him. Consecutive sentences were not appropriate under the sentencing factors. Therefore, the trial court's sentence is Affirmed, in part, and modified to two eleven-month concurrent sentences. The assignment is Sustained in part.
FAIN, J., concurs.
Copies mailed to:
Mathias H. Heck, Jr.
Johnna M. Shia
James C. Staton
Hon. Barbara P. Gorman